Filed 6/14/24  P. v. O'Neal CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D083180 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD299501) |
| SAM O'NEAL III, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David L. Berry, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Sam O'Neal of misdemeanor assault (Pen. Code,[1] § 240) and felony possession of a dirk or dagger (§ 21310).  The trial court sentenced him to two years in state prison for the felony conviction and ordered execution of the sentence suspended for a period of two years with formal probation.

---

[1]     Further undesignated statutory references are to the Penal Code.

O'Neal appeals. His appointed appellate counsel filed a brief raising no arguable issues and requesting that we exercise our discretion to review the record for potential issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

We have independently reviewed the record and find no arguable issue that would result in a modification or reversal of the judgment. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2023, Roderick C. was walking his small dog in downtown San Diego when he noticed O'Neal on the other side of the intersection walking in his direction. O'Neal politely asked Roderick to move his dog to his side because O'Neal is allergic to dogs. Roderick responded, "Sure," and pulled his dog from his right to his left side as he began crossing the intersection. As the two men passed each other, O'Neal yelled, "Fuck you" to Roderick. Roderick turned to face O'Neal and asked, "What the fuck?" When Roderick turned to face O'Neal about two and a half to three feet away from him, O'Neal pulled out a knife from the sleeve of his jacket and swung it in a diagonal motion in both directions, making an "X" in the air. The knife "[k]ind of looked like a steak knife" that was about eight inches long and had a curved tip.

Roderick started backing up and said, "Fuck you to you, too." O'Neal said, "Come on," had a "mean look, like he -- wanted to go at it with [Roderick]," and he was staring Roderick down. Roderick testified at the preliminary hearing that he had "postured up" to communicate to O'Neal, "Don't mess with me." Roderick then backed up to the far side of the street because he was afraid of being stabbed. O'Neal continued to wave the knife in a circular motion while facing Roderick and saying, "Come on." Roderick

2

yelled from across the street, "If you didn't have that knife, I would have kicked your ass." Roderick then called 911 and reported the incident. O'Neal put the knife back in his sleeve and walked away. Roderick followed O'Neal at a distance until police officers arrived.

San Diego Police Officer Noah McLemore was dispatched to a nearby location where he found O'Neal. O'Neal had a plastic rod or dowel in his hand that was about 10 inches long and had silver duct tape around it. He complied with McLemore's order to drop it and put his hands up. During a pat-down search, O'Neal told the officer he had a knife in his pocket. McLemore retrieved a knife that had been concealed in the outer left pocket of O'Neal's jacket. He did not find any weapons in O'Neal's jacket sleeve.

The People charged O'Neal with felony assault with a deadly weapon in violation of section 245, subdivision (a)(1), and felony possession of a dirk or dagger in violation of section 21310. At trial, O'Neal did not testify or offer evidence in his defense. He entered an admission to the court that he had five felony convictions on his record.

The jury found O'Neal not guilty of felony assault with a deadly weapon. The jury found him guilty of the lesser-included crime of misdemeanor assault in violation of section 240 and felony possession of a dirk or dagger in violation of section 21310. The court sentenced O'Neal to two years in state prison for the felony and ordered execution of the sentence suspended for a period of two years with formal probation.

## DISCUSSION

Appointed appellate counsel filed a brief summarizing the facts and proceedings below, arguing no specific contentions as grounds for relief, and asking this court to review the entire record for error as mandated by *Wende, supra*, 25 Cal.3d. 436. To assist the court in its review, and in compliance

3

with *Anders, supra*, 386 U.S. 738, counsel identified the following possible but not arguable issues: (1) the trial court's denial of O'Neal's request for jury instructions on self-defense; and (2) the court's overruling of O'Neal's objection to the restriction of his alcohol use as a condition of his probation. We invited O'Neal to file a supplemental brief raising any additional contentions, but he did not do so.

Neither of the issues identified by appellate counsel has arguable merit. A self-defense jury instruction is only required when there is substantial evidence that the defendant reasonably believed he was in imminent danger of suffering bodily injury and immediate use of force was necessary to defend against that danger. (*People v. Humphrey* (1996) 13 Cal.4th 1073, 1082; *id*. at p. 1093 (conc. opn. of Brown, J.); CALCRIM No. 3470.) O'Neal did not present substantial, if any, evidence that a reasonable person under the same circumstances would have perceived imminent danger from Roderick and a need to use force in self-defense.

We also conclude the trial court did not err in requiring O'Neal to abstain from alcohol use as a condition of probation. "In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) The Supreme Court has interpreted "section 1203.1 to require that probation conditions which regulate conduct 'not itself criminal' be 'reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*Id*. at pp. 1120–1121; see also *People v. Balestra* (1999) 76 Cal.App.4th 57, 83–84.) Given O'Neal's history with drugs and alcohol as detailed in the probation report, his behavior

4

during the incident,[2] and the court's statement that the condition was intended to allow O'Neal to remain law-abiding, the imposition of the condition that O'Neal not knowingly use or possess alcohol was reasonably related to his future criminality and within the sound discretion of the trial court. (See *ibid*.)

We have reviewed the entire record, as required by *Anders, supra*, 386 U.S. 738, and *Wende, supra*, 25 Cal.3d 436, and determined that there are no arguable grounds for reversal. We have also determined that O'Neal received competent representation in his appeal.

DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.

---

[2]     Roderick testified that as O'Neal approached him, "[his] demeanor was kind of strange," "[h]e wasn't walking upright, and he was kind of zigzagging" in the crosswalk. This evidence supported the court's "concern[] that alcohol might have been an issue in this case."